UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Melvin Ray, | ) | CASE NO. 1:22 CV 1265 |
| | ) | |
| Plaintiff, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| Vs. | ) | |
| | ) | |
| Bree W. Ogle, *et al.*, | ) | Memorandum of Opinion and Order |
| | ) | |
| Defendants. | ) | |

**INTRODUCTION**

This matter is before the Court upon Plaintiff's Motion to Compel Discovery (Doc. 22). For the reasons that follow, the motion is GRANTED in PART and DENIED in PART as set forth herein.

**ANALYSIS**

Plaintiff moves for an order compelling the production of documents related to class certification. Defendant opposes the motion.

Plaintiff filed this lawsuit against defendant, a debt collector. Defendant represents a

1

number of clients in connection with its debt collection efforts. According to the complaint, defendant filed a collection action against plaintiff on behalf of its client, UHG 1, LLC ("UHG"). Plaintiff alleges that defendant violated the Fair Debt Collection Practices Act ("FDCPA") by filing an untimely claim for which UHG/Cross River lacked standing, and by attaching an affidavit to the complaint that contained a material misstatement of fact. According to defendant, an assignment occurred between Cross River and UHG, and it simply failed to update the affidavit. Specifically, plaintiff obtained the loan from Cross River Bank. The loan was sold to UHG. In connection with the collection lawsuit, however, the employee signing the affidavit signed on behalf of Cross River Bank, even though she was an employee of UHG.

1. Scope of the class

The parties dispute the scope of the class. Defendant objected to producing discovery on behalf of clients other than UHG. According to defendant, although it should only be required to produce discovery with respect to Cross River Bank and UHG, it nonetheless produced all affidavits filed on behalf of UHG regardless of whether they involve Cross River Bank. According to defendant, this issue only occurred with respect to UHG, and plaintiff has no relationship to defendant's other clients. Nor would plaintiff have a relationship with other debtors. Defendant argues that discovery beyond UHG would also not be relevant to the statute of limitations issue because different banks are subject to different statutes of limitations. With regard to the standing claim, defendant argues that by its very nature the claim is not susceptible to class treatment. Requiring defendant to produce documents beyond UHG would defeat the purpose of Rule 23. Defendant also points out that requiring production of all client files would be unduly burdensome because it would require an independent review of each file for privileged

material.

In response, plaintiff argues that he need not have a relationship with the creditor or debtor. Rather, his claim is directed at defendant, who is a debt collector. As all putative class members would have dealt with defendant, it is irrelevant that the class members may have had different creditors. Plaintiff also argues that the Court cannot accept defendant's vague assertion that the error in the affidavit occurred only with respect to UHG. With regard to defendant's standing argument, plaintiff argues that he is entitled to discovery in order to challenge the very argument defendant now makes, *i.e.*, individual inquiries predominate. Without access to discovery on this issue, plaintiff will be unable to respond to defendant's argument.

2. Document requests

Plaintiff moves to compel the following templates for lawsuits filed prior to June 10, 2020: pleadings used in all court cases, motions, communications to the debtor, affidavits, as well as the underlying metadata. Plaintiffs also seek two specific templates, all documents that relate to the use of an affidavit in a collection case, as well as the "entirety of the spreadsheet system" used by defendant.

Plaintiff further requests the account record, complaint, amended complaints, "entire electronic data set" sent by defendant's clients to defendant, every document received by defendant from its clients, all chain of title documents for every account, all contracts associated with all alleged debts, documents showing capacity, powers of attorney, and documents related to affidavits.

In addition, plaintiff requests electronic data in defendant's database. Plaintiff seeks data fields and documents showing the date each lawsuit was filed, the date of last payment, date of

3

last missed payment, date of account closing/termination, charge-off date, account sale dates, name of original creditor, type of original creditor, home state of original creditor, identification of purchaser of accounts in the chain of title, the name of the transferor and transferee, nature of transfer, name of plaintiff, the original loan agreements (with all attachments), and case identification data.

Defendant already produced six data fields, including the account number, charge off date, suit filing date, judgment amount, and amount collected. Defendant also produced copies of affidavits that demonstrate the plaintiff and originating creditor. It appears that defendant produced this information for UHG clients.

Upon review, the Court finds that the discovery sought by plaintiff is entirely overbroad and disproportionate to the needs of this case. In essence, the discovery sought by plaintiff consists of nearly every single document in every client file in defendant's possession. Plaintiff appears to acknowledge that responding to the discovery requests would also require a file-by-file review for privilege, coupled with the appropriate redactions. This is the antithesis of proceeding as a class action. Class treatment is designed to test classwide issues without the need for determining the merits of each individual class member's claim. Here, plaintiff essentially seeks every client file so that the files can be reviewed on an individual basis in order to determine whether a particular person is within the class. Although the Court remains open at the class certification stage, the Court simply cannot allow wholesale discovery of every document in defendant's possession for all clients dating back three years. This is especially so in that documents within the files may admittedly contain privileged materials.

Further this Court will not parse through each document request to determine which

subparts might be discoverable. Plaintiff essentially argued collectively with respect to all documents as a whole. As plaintiff did not make specific arguments as to each subpart, the Court simply cannot *sua sponte* go line by line and ascertain relevancy and overbreadth. There are several months remaining for class discovery and plaintiff is free to narrow its requests.

   3. Data fields

Plaintiff seeks the identity of the search parameters defendant used to "extract" data for its document production. Plaintiff argues that this information will show which fields defendant searched and allow plaintiff to determine whether defendant conducted a thorough search. Plaintiff also asks that defendant provide an "explanation" of the codes or data field names. Upon review, the Court finds that defendant must produce the data fields and/or codes used to conduct its search. Defendant need now, however, create a document explaining the codes. To the extent any such document exists, defendant must produce it. Otherwise, plaintiff is free to craft an interrogatory or depose a witness regarding the codes. The Court will not order defendant to create a document.

   4. Individualized defenses

Plaintiff argues that it needs documents showing any individualized defenses defendant might assert against each error defendant made with regard to the potential class members. According to plaintiff, it does not want to be "ambushed" at the class certification stage. Alternatively, plaintiff asks that the Court caution defendant that if it does not produce documents, it will not be permitted to make "individualized inquiry" arguments during class certification briefing. In response, defendant argues that once again, responding to this inquiry would require defendant to search every single file to determine what defenses it might have

5

with respect to each possible putative plaintiff. Defendant also argues this goes to merits discovery. Upon review, the Court agrees with defendant. Responding to this request would require a wholesale inventory of every document in defendant's possession. The Court will not, however, allow defendant to rely on any document it does not produce during discovery. The Court will permit defendant to make generalized arguments regarding the fact that individualized inquiries may predominate.

### CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Compel Discovery (Doc. 22) is GRANTED in PART and DENIED in PART.

IT IS SO ORDERED.

/s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge

Dated: 9/12/23