UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| MELVIN RAY, | ) | CASE NO. 22-cv-01265 |
| | ) | |
| Plaintiff, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| v. | ) | **JOINT MOTION FOR** |
| | ) | **PRELIMINARY APPROVAL** |
| BREE W. OGLE, *et al.*, | ) | **OF CLASS SETTLEMENT** |
| | ) | **AGREEMENT** |
| Defendants. | ) | |
| | ) | |

Plaintiff Melvin Ray, individually and on behalf of "Class Members," and Defendants Atkins & Ogle Law Offices, LC and Bree W. Ogle, move this Court for an order: (1) preliminarily approving the Class Action Settlement Agreement (the "Agreement") attached at Exhibit A; (2) appointing Plaintiff as the Class Representative and Susan M. Gray and Anand N. Misra as Class Counsel; (3) approving the forms and method for providing class-wide notice; and (4) scheduling a final hearing for approval of the settlement.

The Parties respectfully submit:

1. On June 8, 2022, Plaintiff filed this class action lawsuit against Defendants asserting claims for: (Count 1) violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"); (Count 2) violations of the Ohio Consumer Sales Practices Act, Ohio Revised Code § 1345.01, *et seq.* ("OCSPA"); (Count 3) the commission of criminal acts; (Count 4) fraud; and (Count 5) negligence. (ECF Doc. # 1-1). More specifically, Plaintiff alleges that Defendants filed lawsuits: (1) with supporting affidavits that contained an incorrect statement of employment/agency in the affiant's

signature block; (2) that were time barred; and (3) in which the named the plaintiffs did not have standing.

2. Counsel for Plaintiff and Defendants have reviewed and analyzed the factual and legal issues presented in this action; the risks and expense involved in pursuing the litigation to conclusion; the likelihood of recovering an amount in excess of that obtained through this settlement; the protracted nature of the litigation; and the likelihood, costs, and possible outcomes of one or more procedural and substantive appeals.  Based upon their review and analysis, and after arms-length negotiations with a private mediator, Plaintiff and Defendants entered into the Agreement.

3. Pursuant to the Agreement, the parties have agreed that Defendants, without any admission that they are liable, or that the funds paid constitute damages of any description, agree to pay the amount of $875,000.00 in settlement of this class action lawsuit.

4. The Agreement provides for the payment of $875,000 to be used for distribution to Class Members; for costs associated with the administration of this class settlement; for payment to Plaintiff for his service as Class Representative and the settlement of his individual claims; and for reasonable compensation for Class Counsel.

5. Pursuant to the Agreement, Plaintiff, Class Members, and Defendants shall mutually release each other from any and all claims arising on or before October 27, 2023, i.e., the date the parties executed an Essential Settlement Terms Sheet, arising out of or in any way connected with collection actions taken in connection with the 261 accounts identified in Exhibit A-1.

6.  Plaintiff and Class Counsel believe that the settlement of this action on the terms and conditions set forth in the Agreement are fair, reasonable, and adequate, and would be in the best interests of the Class Members.

**MEMORANDUM IN SUPPORT OF JOINT MOTION
FOR PRELIMINARY APPROVAL OF CLASS
ACTION SETTLEMENT AGREEMENT**

I.  **FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

On June 11, 2021, Defendants, on behalf of UHG I LLC ("UHG"), filed a Complaint against Plaintiff in the case captioned *UHG I LLC, Assignee of Marlette Servicing LLC v. Melvin Ray*, Cuyahoga County Court of Common Pleas, Ohio, Case Number CV-21-948648, claiming amounts due as assignee of Cross River Bank (the "Collection Case").

On October 28, 2021, the Collection Case was dismissed with prejudice.

On June 8, 2022, Plaintiff, on behalf of himself and all others similarly situated, filed a lawsuit against Defendants captioned *Melvin Ray v. Bree W. Ogle, et al.*, Cuyahoga County Court of Common Pleas, Case No. CV-22-964486, asserting claims for: (Count 1) violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"); (Count 2) violations of the Ohio Consumer Sales Practices Act, Ohio Revised Code § 1345.01, *et seq.* ("OCSPA"); (Count 3) the commission of criminal acts; (Count 4) fraud; and (Count 5) negligence.  More specifically, Plaintiff alleges that Defendants filed lawsuits: (1) with supporting affidavits that contained an incorrect statement of employment/agency in the affiant's signature block; (2) that were time barred; and 3) in which the named plaintiff did not have standing.

On July 18, 2022, Defendants filed a Notice of Removal to the United States District

Court, Northern District of Ohio, which was assigned Case No. 1:22-cv-01265.

On February 28, 2023, after conducting discovery on Plaintiff's individual claims, Defendants filed a motion for summary judgment on all claims asserted by Plaintiff.

On May 17, 2023, the Court granted Defendants' motion for summary judgment in part, dismissing Counts 3, 4 and 5, but not dismissing Counts 1 and 2. Thereafter, the parties conducted discovery on Plaintiff's class action claims.

On October 9, 2023, this case was mediated and, after further extensive negotiations with the assistance of mediator/attorney John M. Alton, the parties signed an Essential Settlement Term Sheet on October 27, 2023.

## II.     THE PROPOSED SETTLEMENT AGREEMENT

With the assistance of mediator John M. Alton, the parties have agreed to a settlement of this litigation. *See* Exhibit A. Defendants, without any admission that they are liable for damages or that the funds paid constitute damages of any description under the FDCPA and OCSPA, agree to pay the amount of $875,000.00 to Plaintiff, Class Members, and Class Counsel.

The parties have agreed that Class Members will be defined as:

> Each natural person named as a defendant in a lawsuit filed by Defendants on behalf of UHG I LLC in the State of Ohio between June 8, 2020 and June 8, 2022. The size of the class is the 261 individuals who are identified on Exhibit 1 (to the Agreement).

Plaintiff and Class Counsel will distribute the settlement proceeds as follows:

(a) $603,000 to be distributed to the Class Members who have not timely opted out pursuant to 15 U.S.C. § 1692k(a)(2)(B)). If settlement checks remain uncashed 190 days after mailing, the

4

      total amount of such uncashed checks will be re-distributed equally to Settlement Class Members who cashed the first checks, as long as this results in an additional distribution of greater than $100. Any undistributed amounts shall be paid as a *cy pres* remedy to the National Consumer Law Center for use in the representation or education of consumers.

  (b) $7,000 to be distributed to pay Plaintiff's costs, including the costs of class notification and class administration.

  (c) $15,000 to be distributed to Plaintiff for his service as Class Representative and the settlement of his individual claims.

  (d) $250,000 to be distributed to class counsel as reasonable attorneys' fees.

Pursuant to the Agreement, Plaintiff, Class Members, Defendants, and their Related Parties (as defined in the Agreement) shall mutually release each other from any and all claims arising on or before October 27, 2023, i.e., the date the parties executed an Essential Settlement Terms Sheet, arising out of or in any way connected with collection actions taken in connection with the 261 accounts identified in <u>Exhibit A-1</u> to the Agreement.

Further, Defendants have the right to terminate the Agreement if: (1) 26 or more members of the Settlement Class file valid Opt-Out Requests; or (2) Angel Miller (Defendant/Counterclaim Plaintiff in *UHG I LLC, etc. v. Angel Miller, et al.*, Fayette County Court of Common Pleas, Case No. CVG-2022-0397) files a valid Opt-Out Request.

### III.   <u>LAW & ARGUMENT</u>

#### A.   <u>Preliminary Class Certification</u>

Prior to preliminarily approving a class action settlement, the court must preliminarily: (i) certify the class under Rule 23; (ii) appoint counsel; and (iii) approve the class representative. *See UAW v. GMC*, 497 F.3d 615, 631 (6th Cir. 2007). To preliminarily

5

approve a class certification, the court must consider whether it would be able to approve that class certification for purposes of a judgment. *See* Fed. R. Civ. P. 23(e)(1)(B)(ii). Accordingly, the court should consider the likelihood of approving a class certification under Rule 23(a) and (b). *See Peck v. Air Evac EMS, Inc., No.5:18-CV-615*, 2019 U.S. Dist. LEXIS 119011, at *20-21 (E.D. Ky. Jun. 5, 2019). Rule 23(a) imposes four requirements that a proposed class action must meet: numerosity, commonality, typicality, and adequacy of representation. *See In re Am. Med. Sys., Inc.*, 75 F.3d 1069, 1079 (6th Cir. 1996). After a plaintiff shows that its proposed class action satisfies subsection (a), it must then show that its class action may proceed under one of Rule 23(b)'s theories. *See Glazer v. Whirlpool Corp.*, 722 F.3d 838, 851 (6th Cir. 2013).

    **1.**    **Rule 23(a) Analysis**

Rule 23(a) establishes the four prerequisites for class certification, permitting the court to certify a class only if: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class. *See* Fed. R. Civ. P. 23(a).

There is no numerical test for numerosity. *See Glazer*, 722 F.3d at 852. Rather, courts look to the "impracticability of joinder" – in essence, the unwieldiness of joining all the parties. *See Golden v. City of Columbus*, 404 F.3d 950, 965-66 (6th Cir. 2005) (internal citations and quotation marks omitted). The factors of commonality, typicality, and fair representation often overlap because they require the court to consider the similarity of the

6

claims among the class members and to the proposed class representative. *See Glazer*, 722 F.3d at 853. Commonality looks to whether the class members "have suffered the same injury." See *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 349-50 (2011) (internal quotation marks omitted). When looking at whether common questions unite a class, the court must consider specifically whether the resolution of the common questions will advance the litigation. *See Sprague v. GMC*, 133 F.3d 388, 397 (6th Cir. 1998).

Typicality looks at whether the class representative's injury is also suffered by the proposed class members, and suffered in such a way that the "representative['s] interests are aligned with the interests of the class members so that, by pursuing their own interests, the class representative[] also advocate[s] the interests of the class members." *See Glazer*, 722 F.3d at 852-853 (citing *Sprague*, 133 F.3d at 399).

Adequate representation looks at the question of advocacy by the class representative, but encompasses the competency of class counsel and potential conflicts of interest. *Id*. at 853 (citing *Dukes*, 564 U.S. at 349 n.5). Specifically, the adequacy of representation factor consists of a two-part test, determining that: "1) The representative must have common interests with unnamed members of the class, and 2) it must appear that the representative[] will vigorously prosecute the interests of the class through qualified counsel." *Senter v. General Motors Corp*., 532 F.2d 511, 525 (6th Cir. 1976).

The proposed class meets Rule 23(a)'s requirements. The proposed class of 261 members meets Rule 23(a)'s numerosity requirements. See *Walburn v. Lend-A-Hand Servs., LLC,* No. 2:19-CV-00711, 2020 U.S. Dist. LEXIS 91853, at *9 (S.D. Ohio May 26, 2020) (finding that a class of 54 members satisfied the numerosity requirement). The

7

identity of the proposed 261 class members need not be speculated upon because they were defendants in underlying collection litigation, and have been specifically identified in a list attached to the Settlement Agreement. Joinder of 261 individuals to a singular lawsuit would be impractical. The proposed class meets the commonality and typicality requirements. The parties' dispute arises from the filing of collection lawsuits which affected all proposed class members in this case, and the class members share common questions of law whether consumer protection laws were violated by the alleged actions of defendants, namely filing of the lawsuits: (1) with supporting affidavits that contained an incorrect statement of employment/agency in the affiant's signature block; (2) that were time barred; and (3) in which the named plaintiff did not have standing. Mr. Ray's claims are also typical of the claims that could be asserted by the proposed class because they arise from the substantially similar conduct. *See Glazer*, 722 F.3d at 852-853.

Mr. Ray is an adequate class representative because he has no conflict with the interests of the putative class members. He has prosecuted this action on behalf of the class in good faith. The proposed class counsel have experience with complex litigation, including class actions with similar claims, as well as with this action specifically, and have vigorously litigated this action and are not conflicted. See *Glazer*, 722 F.3d at 853.

**2. Rule 23(b) Analysis**

The parties seek to proceed under Rule 23(b)(3). As discussed above, the class members share common questions of law. Should all of the putative class members participate in the proposed settlement, each would receive $2,260.54 from the settlement funds. With such modest claims, it is unlikely that the individual class members would

8

independently pursue their claims. *See Glazer*, 722 F.3d at 861 (weighing that the class members would not pursue individual actions in determining whether Rule 23(b)(3) was met). Nor is there any "fatal dissimilarity" among the class members. *See Amgen Inc. v. Conn. Ret. Plans and Tr. Funds*, 568 U.S. 455, 470 (2013) (internal quotation marks omitted). The minimization of time and expense the litigation of these claims as a class action allows supports the predominance and superiority factors in Rule 23(b)(3). *See Comcast Corp. v. Behrend*, 569 U.S. 27, 41 (2013) ("[W]hen adjudication of questions of liability common to the class will achieve economies of time and expense, the predominance standard is generally satisfied even if damages are not provable in the aggregate.") (Ginsburg, J. and Breyer, J. dissenting). Thus, maintaining this case as a class action will streamline the litigation.

    3. <u>Preliminary Approval of Settlement</u>

The Sixth Circuit follows a three-step process for approving class action settlements: (1) there must be preliminary approval of the proposed settlement; (2) the class members must be provided notice of the proposed settlement; and, after a hearing, (3) there must be final approval of the settlement. *See Kizer v. Summit Partners, L.P.*, 2012 U.S. Dist. LEXIS 63795, *21 (ED Tenn.) citing *Brotherton v. Cleveland*, 141 F. Supp. 2d 894, 903 (S.D. Ohio 2001), in turn citing *Williams v. Vukovich*, 720 F.2d 909, 921 (6th Cir. 1983). "The standard for approval is 'whether the proposed settlement is fair, adequate, and reasonable under the circumstances, and whether the interests of the class as a whole are better served if the litigation is resolved by the settlement rather than pursued.'" *Id.*, citing *Bailey v. Great Lakes Canning, Inc.*, 908 F.2d 38, 42 (6th Cir. 1990).

9

Moreover, "[a] court should base its preliminary approval of the proposed settlement agreement 'upon its familiarity with the issues and evidence of the case as well as the arms-length nature of the negotiations prior to the settlement,'" and "determine that the settlement is not illegal or collusive." *Id.,* citing *In re Dun & Bradstreet Credit Servs. Customer Litig.*, 130 F.R.D. 366, 369 (S.D. Ohio 1990).

Lastly, "[p]rior to giving final approval of the settlement, the Court should consider the following factors: (1) the plaintiffs' likelihood of ultimate success on the merits balanced against the amount and form of relief offered in the settlement; (2) the complexity, expense and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the judgment of experienced trial counsel; (5) the nature of the negotiations; (6) the objections raised by class members; and (7) the public interest." *Id.*, citing *Berry v. Sch. Dist. of City of Benton Harbor*, 184 F.R.D. 93, 98 (W.D. Mich. 1998). "For purposes of granting preliminary approval, a court is not bound to consider all of these factors." *Id.*

**(a)** **The Settlement Is Fair, Reasonable, And Adequate**

**i.** **The proposed settlement terms are fair and reasonable to the class members.**

The parties submit that the settlement terms provide class members with relief that is fair and reasonable because:

- Liability is contested by Defendants;

- There is uncertainty of outcome under federal and state laws upon which the class claims are based;

- It is anticipated that the policy of insurance providing Defendants with defense and indemnification in this case will be substantially exhausted if this case is litigated to conclusion and, as such, that class members will receive a greatly reduced benefit, if any at all, if litigation is continued further, or resolution is delayed.

### ii. The proposed settlement is adequate.

The proposed settlement of this case was the culmination of lengthy, extensive, arms-length negotiation through mediation with attorney John Alton. The settlement was reached after extensive discovery was conducted, including class data. Class Counsel and Defense Counsel are experienced in Class Actions and negotiated the resolution of this case with principal consideration being the best interest of their respective clients, including the putative class. This settlement provides substantial relief to the Class, with direct monetary payment of $875,000. The parties assert that these terms adequately address the class claims asserted in this matter and adequately and fairly address the risks associated with continuing the litigation of this case.

### iii. The proposed settlement terms comport with public interest.

The parties submit that it is in the public interest for the Court to approve this settlement. Based upon the investigation and discovery conducted in this matter, and the limited potential for individual recovery, the Court should not hesitate to approve this settlement. Class Counsel respectfully contends that this settlement is fair, reasonable, and adequate.

The class members shall have the full and fair opportunity to raise timely objections to this settlement at the final fairness hearing. Class members who so choose will have an

unrestricted right to opt-out of the settlement. The terms of the proposed settlement provide substantial benefit to members of the class. The settlement avoids the unnecessary risk, time and expense that are associated with litigation. The relief is automatic and does not require the Class Members to opt-in to the litigation.

Further, as provided for in Rule 23 of the Federal Rules of Civil Procedure, any class member who does not wish to participate in the benefits of this Settlement may exclude himself or herself from the settlement. By opting-out, any class member may then pursue his/her own claims. Should the settlement receive final approval of the Court, it will also include a release and discharge of the claims asserted in the Complaint by the Class Members against Defendants.

**(b)** **Proposed Class Representative Award is Reasonable**

"Courts within the Sixth Circuit [] recognize that, in common fund cases and where the settlement agreement provides for incentive awards, class representatives who have had extensive involvement in a class action litigation deserve compensation above and beyond the amounts to which they are entitled to by virtue of class membership alone." *Lonardo v. Travelers Indem. Co.*, 706 F. Supp.2d 766, 787 (N.D. Ohio 2010) (citations omitted).

Mr. Ray's proposed incentive payment is reasonable in light of his extensive involvement in this litigation, including participation in a long deposition and other discovery, and in the mediation. The time and expense he expended in defending the underlying collection litigation, which allowed this case to be filed, also demonstrates that he is not made more than whole through the incentive payment. Thus, the proposed

incentive payment of $15,000, which amounts to roughly seven times the payment to class members, is reasonable.

### (c) Class Counsel

As noted above, proposed class counsel have vigorously litigated this case and have experience with similar class actions. As demonstrated during summary judgment proceedings, some of the claims brought on behalf of the class are novel and demonstrate adequate knowledge of applicable law. Thus, Ms. Gray and Mr. Misra should be appointed class counsel. Additionally, Mr. Ray's counsel seek attorneys' fees and costs of $250,000, which represents 28.6% of the total settlement funds. "The 'majority of common fund fee awards fall between 20% and 30% of the fund.'" *Gooch v. Life Investors Ins. Co. of America*, 672 F.3d 402, 426 (6th Cir. 2012) (quoting *Waters v. Int'l Precious Metals Corp.*, 190 F.3d 1291, 1294 (11th Cir.1999)). The proposed attorneys' fees fall well within this range and are reasonable. *See* Fed. R. Civ. P. 23(e)(2) Advisory Committee's Note (2018 Amendment). Moreover, the parties specified that: "It is understood that no essential or material terms or agreements, written or oral, expressed, or implied, exists between the parties with respect to the subject matter of this settlement other than what is contained in this Class Action Settlement Agreement, and that the parties declare and represent that no promise, inducement, or other agreement not expressly contained in this Class Action Settlement Agreement has been made conferring any benefit upon them."

### IV. THE PROPOSED NOTICE

Rule 23(e) of the Federal Rules of Civil Procedure requires that a Notice of the Settlement Agreement and of a Fairness Hearing be provided to all members of the Class.

13

Counsel for parties have jointly drafted and negotiated a Notice which is intended to afford Class Members a full and fair opportunity to consider the proposed settlement, to develop a response to it, and determine whether he/she prefers to opt out of this class settlement. The proposed Notice is attached as Exhibit B.

Upon preliminary approval by the Court, Class Counsel shall, through the use of the independent service providers, cause the attached Notice to be mailed to all Class Members. In addition, the Notice and the Settlement Agreement will be available to class members through the online docket of this court.

The parties believe that this procedure constitutes the best practicable notice under the circumstances, and therefore, requests that the Court approve it.

## V. CONCLUSION

The proposed Settlement Agreement is the product of extensive, good faith negotiations among experienced counsel. Class Counsel and Defendants' Counsel respectfully request that this Honorable Court enter the attached order, preliminarily approve the Settlement and approving the attached Notice.

Respectfully submitted,

| | |
|---|---|
| _/s/ Susan M. Gray_ | _/s/ James O'Connor_ |
| Susan M. Gray (0062356) | James O'Connor (0063428) |
| Ohio Savings Bank Building | Gregory G. Guice (0076524) |
| 22255 Center Ridge Rd., Suite 106 | Reminger Co., LPA |
| Rocky River, Ohio 44116 | 101 West Prospect Avenue, Suite 1400 |
| (440) 331-3949 | Cleveland, Ohio 44115 |
| smgray@smgraylaw.com | (216) 687-1311 |
| | joconnor@reminger.com |
| _/s/ Anand N. Misra_ | gguice@reminger.com |
| Anand N. Misra (0067594) | *Attorneys for Defendants Bree W. Ogle and* |
| The Misra Law Firm, LLC | *Atkins & Ogle Law Offices, LC* |
| 3659 Green Road, Suite 100 | |
| Beachwood, Ohio 44122 | |
| (216) 752-3332 | |
| misraan@misralaw.com | |

*Attorneys for Plaintiff Melvin Ray*

## CERTIFICATE OF SERVICE

I certify that on November 20, 2023, a copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

    _/s/ James O'Connor_
James O'Connor (0063428)
Gregory G. Guice (0076524)