UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| MELVIN RAY, | ) CASE NO. 22-cv-01265 |
| | ) |
| Plaintiff, | ) JUDGE PATRICIA A. GAUGHAN |
| v. | ) |
| | ) |
| BREE W. OGLE, *et al.*, | ) **Final Approval Order** |
| | ) |
| Defendants. | ) |
| | ) |

On November 28, 2023, this Court approved a form of notice for mailing to the class. (ECF Doc. 29).  The Court is informed that actual notice was sent by first-class mail to 257 class members with complete addresses on December 18, 2023. As of March 12, 2024, a total of 20 notices were returned by the United States Postal Service as undeliverable.  Ten of the returned Notices contained forwarding information, or a new address was otherwise obtained or corrected via Internet research.  Seven of these ten notices were then remailed on January 5, 2024 and an additional 3 were remailed on January 19, 2024.  There remain ten class members for whom valid addresses could not be obtained and thus could not be sent notices.

As of March 15, 2024, no requests for exclusion had been received.  No objections to this Class Action Settlement have been filed.

On December 4, 2023, pursuant to 28 U.S.C. § 1715 of the Class Action Fairness Act of 2005, Defendants sent by certified mail notice of the proposed Class Action Settlement in this case to the Attorney General of the United States and the Attorney General of State of Ohio. No objections to this Class Action Settlement have been received from either the Attorney General of the United States or the Attorney General of State of Ohio, nor have any objections been filed with the Court.

On March 20, 2024, the Court held a fairness hearing. The Court, being fully advised in the premises, hereby orders:

1. The Court finds that the provisions for notice to the class satisfy the requirements of Fed. R. Civ. P. 23 and due process.

2. The Court finds that the settlement is fair, reasonable and adequate, and approves the Class Action Settlement Agreement submitted by the parties, including the release (ECF Doc. 27-1), and Orders as follows:

   a. Within thirty (30) days after this Court's order granting preliminary approval (ECF Doc. 29), Defendants shall have deposited into a trust account, identified by class counsel, an amount of $2,000.00. Within thirty (30) days of the Effective Date, as defined in the Class Action Settlement Agreement (ECF Doc. 27-1), Defendants shall deposit into a trust account, identified by class counsel, an amount of $873,000.00.

   b. Plaintiff shall cause to be sent by Class-Settlement.com settlement checks to 247 Class Members. (This number excludes the ten (10) class members who could not be reached with the class notices). The Checks for 243 of the Class Members shall be in the amount of $2,412.75. The checks for four (4) class members (Ms. Arroyo Garcia, Ms. Calvert, Mr. Marvin, and Mr. Lilley) shall be in the amount of $4,825.50, because these four Class Members have two claims each arising from having been sued twice during the class period on two separate accounts. This represents each class member's pro rata share of $605,600.00. If

settlement checks remain uncashed 190 days after mailing, the total amount of such uncashed checks will be re-distributed equally to Settlement Class Members who cashed the first checks, as long as this results in an additional distribution to each class member of an amount in excess of $100.00.

    c.    Plaintiff shall be paid $15,000.00 for his service as Class Representative and the settlement of his individual claims.

    d.    Class counsel shall be paid $250,000.00 as reasonable attorneys' fees.

    e.    The remaining $4,400.00 from the Settlement Fund shall be used by class counsel to pay court costs, expenses, and administrative charges, including Class-Settlement.com for class administration services.

    f.    Any undistributed amounts shall be paid as a *cy pres* remedy to the National Consumer Law Center for use in the representation or education of consumers.

4. Timing, nature, and scope of the release of claims by the Parties against other Parties or their Related Parties will be according to the terms described in the Class Action Settlement Agreement (ECF Doc. 27-1).

5. The Class Action Settlement Agreement (ECF Doc. 27-1) is incorporated into and made part of this Order in all respects.

6. The Court finds the Class Action Settlement Agreement (ECF Doc. 27-1) to be fair, reasonable and adequate under Fed. R. Civ. P. 23(e)(2) and made in good faith.

7. The Court dismisses the claims of Plaintiff and the Class Members (excluding the ten (10) Class Members who could not be reached with the class notices) against Defendants with prejudice and without costs (other than what has been provided for herein and in the Class Action Settlement Agreement).

8. The Court retains jurisdiction over the interpretation, enforcement and implementation of the Class Action Settlement Agreement and this Final Approval Order.

**IT IS SO ORDERED.**

/s/ Patricia A. Gaughan            Date: 3/20/24

JUDGE PATRICIA A. GAUGHAN